MATHEWS, Justice.
The appellant was tried and convicted on an information charging grand larceny of certain jewelry, and based upon such verdict was adjudged .guilty by the Court and sentenced to five years! From this judgment appeal was perfected. The appellant contends that the evidence upon which she was convicted was obtained by an illegal search and seizure.
The Court denied a motion to suppress the evidence and overruled an objection to certain articles being received in evidence. Briefly, the facts are that Frank S. Hartley, Incorporated conducted a jewelry store in Palm Beach. A Mr. Oberlander was manager of the store and M.rs. Oberlander, his wife, assisted him. On the particular occasion Mrs. Oberlander was in the store. There was a show window in the store and in this show window there was a showcase containing very valuable jewelry. Mrs. Oberlander observed a stranger, who was the defendant-appellant in this case, up in the show window standing next to the jewelry case. She asked the stranger, “May I get what you want?”, or some similar question. When Mrs. Oberlander spoke to her, the defendant did not say anything but went out of the store running. Mrs. Oberlander ran after her. The defendant ran east with Mrs. Oberlander following. She then turned back by the store with Mrs. Oberlander still following her. As they passed the store Mrs. Oberlander observed that some jewelry was missing from the jewelry case. When she kept running after the defendant and hollered “Help”, a policeman joixed the chase. The defendant ran into a blind alley and was then confronted with Mrs. Oberlander and two policemen. The uncontradicted testimony is that the defendant then dropped her bag, or threw it at a policeman, and said, “You have the bag; let me go”. They went back to the store and after the defendant had been placed under arrest, the bag was examined and the jewelry was found inside it. One of the officers testified that he asked Mrs. Baglio, “Is it all here?”, referring to the jewelry, and she said “Yes, let me go now, please”. Mr. Oberlander sufficiently identified the jewelry as being that taken from the jewelry case.
A motion to suppress the evidence found in the handbag was made and after a hearing the trial court stated:
“I will deny the motion to suppress. I think that the testimony is wholly un-contradicted that the defendant voluntarily turned the bag of jewelry over to the officer before an arrest was made, so we are not called upon to pass upon the question of whether or not there was reasonable grounds for the arrest of the defendant without a warrant.”
The appellant also objected to the admission of this evidence during the course of the trial on the ground of an unreasonable search and seizure. The Court overruled the objections.
*220 It is insisted by the appellant that neither Mrs. Oberlander nor the policemen had anything but a mere suspicion upon which to base the arrest and that the examination, search and seizure of the contents of the handbag was unreasonable and'was done without a search warrant.
Mrs. Oberlander knew that a stranger was in the show window next to the jewelry case containing well over a hundred thousand dollars worth of jewelry; she knew that when she spoke to her the stranger left the window and the store running; she knew that she followed her; she knew that jewelry hacl disappeared from the jewelry.case; she knew that while she was running after the ■ defendant, she hollered “Help”. ..The policemen knew-that one woman was running after another on the streets of Palm Beach and that- one of the women was hollering “Help”. All of them knew that the stranger ran. into a blind alley and when cornered, threw the handbag at them, or dropped it, .and .said, “You have the bag; let me go”. Under the facts and circumstances shown in this case, the arrest of the defendant, without warrant, was reasonable and the subsequent search of the handbag was not unreasonable but was fully justified, and the evidence obtained from it was admissible in evidence.
A jewelry store in Palm Beach is different from a serve-yourself grocery store where the articles are on open counters and many articles are quite bulky. A jewelry store is composed of many articles of great value, sometimes running into hundreds of thousands of dollars. The articles are not out on the open counter where they may be handled or picked up at will by a serve-yourself customer. Such items are generally guarded, contained in closed showcases' or jewelry cases. The mere running from a show window in which there is a jewelry showcase", and being chased by someone hollering “Help”, may under certain circumstances be sufficient to constitute reasonable 'cause for an apprehension or arrest.
We cannot agree with’ appellant that a policeman should take no action when one woman is running after another from a jewelry store down the street and one of them is hollering “Help”, and that the handbag should not be searched under the circumstances when the owner of the handbag throws it at the policeman, or drops it, saying, “You have the bag; let me go”, and in reply to the question, “is it all here?”, says, “Yes, let me go now, please”.
We have carefully considered the other assignments of error and they are without merit. No purpose would be served by a detailed discussion of them.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur. '